UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOUGLAS J. ZUBKA,

   Plaintiff,

v.

MEDICAL BUSINESS BUREAU, LLC,

   Defendant.

Case No. 1:20-cv-06001

## COMPLAINT

**NOW COMES** Plaintiff, DOUGLAS J. ZUBKA, through undersigned counsel, complaining of Defendant, MEDICAL BUSINESS BUREAU, LLC, as follows:

### NATURE OF THE ACTION

1. This action is seeking redress for Defendant's violation(s) of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq.*

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

### PARTIES

4. DOUGLAS J. ZUBKA ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in this Judicial District.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. MEDICAL BUSINESS BUREAU, LLC ("MBB") is a limited liability company organized and existing under the laws of the state of Illinois.

1

7. MBB has its principal place of business at 1460 Renaissance Drive, Suite 400, Park Ridge, Illinois 60068.

8. MBB is a "debt collector" as defined by 15 U.S.C. § 1692a(6).[1]

9. MBB uses instrumentalities of interstate commerce and the mail in its business – the principal purpose of which is the collection of debt owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

10. On January 10, 2019, Plaintiff received medical services from Rush University Medical Center at a cost of $25.00.

11. Plaintiff's $25.00 balance is a "debt" as defined by 15 U.S.C. § 1692a(5).

12. As result of financial hardship, Plaintiff's $25.00 balance went unsettled.

13. On February 28, 2020, Plaintiff filed a voluntary petition for relief under Chapter 7, Title 11, United States Code.

14. The schedules filed by Plaintiff included MBB on Schedules F: Creditors Holding Secured Claims.

15. Accordingly, on March 4, 2019, the Bankruptcy Noticing Center issued a Certificate of Notice, certifying, under penalty of perjury, that it sent Notice of Chapter 7

---

[1] MBB is an A/R Revenue Cycle Management firm focused 100% on the Healthcare sector and striving for perfection or to be the "Ideal" Revenue Cycle Management Company. We provide revenue recovery solutions for Hospitals, Physicians, Medical Practices, Billing Companies and other Healthcare related specialties…. Our exceptional team and processes are specifically designed to maximize the conversion of A/R into revenue, creating a positive impact on the bottom line of our clients. Our primary goal is to deliver strategic value to our clients through outstanding professional customer service and effective, compliant and innovative accounts receivable management services. http://www.mbb.net/ (last accessed October 8, 2020).

Bankruptcy Case by first class mail or electronic transmission to Plaintiff's creditors, including MBB.

16. On June 8, 2020, a discharge under 11 U.S.C. § 727 was granted to Plaintiff.

17. On June 10, the Bankruptcy Noticing Center issued a Certificate of Notice, once more, certifying, under penalty of perjury, that it sent notice of Plaintiff's discharge by first class mail or electronic transmission to Plaintiff's creditors, including MBB.

18. Plaintiff's discharged debt subsequently was referred for collection.

19. MBB mailed Plaintiff a letter, dated October 7, 2020 (the "Letter"), which stated:

| Creditor<br>Rush University Medical Center ||
|---|---|
| Name: | Douglas J Zubka |
| Statement Date: | October 7, 2020 |
| MBB Account # | 202790168 |
| Balance Due: | $25.00 |

Your account has been assigned to us for collection. Mail your payment for the full amount.

This communication is from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

| Service Date | Account Number | Account Balance |
|---|---|---|
| 01/10/19 | ********0019 | $25.00 |
| | Balance Due: | $25.00 |

20. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

---

## DAMAGES

21. Courts have long recognized that bankruptcy is intended to "relief the honest debtor from the weight of oppressive indebtedness and permit him to start afresh." *In re Renshaw*, 222 F.3d 82, 86 (2d Cir. 2000) (quoting *Williams v. U.S. Fidelity & Guar. Co.*, 236 U.S. 549, 554-555, 59 L. Ed. 713, 35 S. Ct. 289 (1915)).

22. MBB's unlawful conduct deprived Plaintiff of one of his fundamental rights and led Plaintiff to believe his bankruptcy was for naught, causing anxiety and emotional distress.

23. Concerned with having had his rights violated, Plaintiff was forced to retain counsel; therefore, expending time and incurring attorney's fees to vindicate his rights.

## CLAIMS FOR RELIEF

### COUNT I:
### Defendant's violation(s) of 15 U.S.C. § 1692 *et seq.*

24. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation of 15 U.S.C. § 1692e

25. Section 1692e provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section.

    (2)    The false representation of –

        (A)    the character, amount, or legal status of any debt.

    (10)    The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

4

26. The October 7, 2020 Letter to Plaintiff asserted that Plaintiff's debt to Rush University Medical Center was due and demanded that Plaintiff pay the debt.

27. But at the time of the October 7, 2020 Letter, Plaintiff's debt to Rush University Medical Center was not due because that debt had been discharged in Plaintiff's Chapter 7 bankruptcy.

28. It seems clear, then, that the October 7, 2020 Letter misrepresented the legal status of Plaintiff's debt to Rush University Medical Center in violation of 15 U.S.C. §§ 1692e(2)(A) and e(10). *See Randolph v. IMBS, Inc.*, 368 F.3d 726, 728 (7th Cir. 2004) ("[A] demand for immediate payment while a debtor is in bankruptcy (or after the debt's discharge) is 'false' in the sense that it asserts that money is due, although, because of the automatic stay (or discharge injunction), it is not."

### Violation of 15 U.S.C. § 1692f

29. Section 1692f provides:

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

30. Section 524(a)(2) provides in relevant part that the bankruptcy discharge "operates as an injunction against the commencement or continuation of an action, … or an act, to collect, recover, or offset any such debt as a personal liability of the debtor…" 11 U.S.C. § 524(a)(2).

31. MBB violated 15 U.S.C. § 1692f(1) by attempting to collect debt (Plaintiff's $25.00 balance to Rush University Medical Center) not permitted by law - 11 U.S.C. § 524(a)(2).

32. Plaintiff may enforce the provisions of 15 U.S.C. §§ 1692e(2)(A), e(10) and f(1) pursuant to section k of the Fair Debt Collection Practices Act (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the Fair Debt Collection Practices Act] with respect to any person is liable to such person in an amount equal to the sum of –

(1) any actual damage sustained by such person as a result of such failure;

(2)

    (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff requests the following relief:

A. find that MBB violated 15 U.S.C. §§ 1692e(2)(A), e(10) and f(1);

B. award any actual damage sustained by Plaintiff as a result of MBB's violation(s) pursuant to 15 U.S.C. § 1692k(a)(1);

C. award such additional damages, as the Court may allow, but not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

D. award costs of this action including expenses together with reasonable attorneys' fees as determined by this Court pursuant to 15 U.S.C. § 1692k(a)(3); and

E. award such other relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: October 8, 2020  Respectfully submitted,

**DOUGLAS J. ZUBKA**

By: */s/ Joseph S. Davidson*

Joseph S. Davidson
LAW OFFICES OF JOSEPH P. DOYLE LLC
105 South Roselle Road
Suite 203
Schaumburg, Illinois 60193
+1 847-985-1100
jdavidson@fightbills.com